

# The Attorney General of Texas

November 9, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

11 Texas, Suite 700
.ouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Ms. Edna A. Parsons
Executive Secretary
Texas Board of Chiropractic Examiners
1300 E. Anderson Lane
Building C, Suite 245
Austin, Texas     78752

Opinion No. JM-89

Re:    Expiration    date    of
terms  of  members  of  Board
of Chiropractic Examiners

Dear Ms. Parsons:

You have asked whether the expiration date of the terms of office for the members of the Texas Board of Chiropractic Examiners is determined by the date of the first appointment, the legislative enactment date, or the recent legislative extension date.

The Texas Board of Chiropractic Examiners [board] was created by the Fifty-first Legislature when House Bill No. 721 became effective April 27, 1949. Four months later, on August 4, 1949, the first members to serve on the board were appointed. Since that time, the board has recognized August 3 as the expiration date of the terms of its members.

Some twenty years later, Attorney General Opinion M-338 (1969) held that

> [t]he commencement date of the term of office of an individual serving on a board, agency, commission or committee of the State of Texas, created by a statutory or constitutional provision which is silent to the commencement date of such terms of office, is fixed by the effective date of the legislative enactment or constitutional provision creating such office . . . .

During the Sixty-seventh Legislature, the life of the board was extended by Senate Bill No. 753. This bill became effective September 1, 1981.

The State Auditor, following Attorney General Opinion M-338 (1969), has previously recognized April 26 as the expiration date of the terms to which the board's members were appointed because April 27 was the effective date of the original statute. He is now uncertain

as to which date should be the expiration date (i.e. April 26, August 3, or August 31). We believe that the expiration date of the terms should be determined by the effective date of the legislation creating the board. Therefore, the expiration date should be April 26.

Although there have been a number of Attorney General's Opinions that take the position that the terms of office should commence upon the date of the first appointment of the first board member, this position is appropriate only when the commencement date of the term cannot be determined from the language of the enactment. See Attorney General Opinion M-338 (1969). Article 4512b, section 3(a), V.T.C.S., stated:

> A Board to be known as 'The Texas Board of Chiropractic Examiners' is hereby created. No member of said Board shall be a member of the faculty or Board of Trustees of any chiropractic school; and all appointments to said Board shall be subject to the confirmation of the Senate. The Texas Board of Chiropractic Examiners, which hereinafter may be referred to as 'The Board,' shall be composed of nine (9) members whose duty it shall be to carry out the purposes and enforce the provisions of this Act, and the Governor of Texas shall, upon the taking effect of this Act, appoint nine (9) graduate chiropractors to constitute such a Board, who shall have been residents of this State, actually engaged in the practice of chiropractic as defined in this Act, for at least five (5) years immediately preceding the passage of this Act . . . . (Emphasis added).

See Acts 1949, 51st Leg., ch. 94, p. 160. Since this statute called for the governor to appoint the board members "upon the taking effect of this Act," the intention of the legislature was for the term to begin on April 27, the effective date of the act.

In addition, Attorney General Opinion M-338 (1969) overruled prior opinions as they were in conflict with its holding that the commencement date of a term of office is fixed by the effective date of the legislative enactment. As Attorney General Opinion M-338 stated:

> [I]t would appear that a board . . . created by a . . . statutory enactment of the Legislature would come into existence on the effective date of the . . . statutory enactment. In turn, it would likewise seem to follow that any appointive positions upon a board . . . would come into

> existence on the effective date of the statutory
> enactment . . ., unless otherwise provided.
> (Emphasis added).

Attorney General Opinion M-388 set forth two rules, the first of which stated that where the enactment that _created_ the board provided for staggered terms for the members of the board, then the legislature, absent any indication to the contrary, _intended_ the commencement date of the term to be the effective date of the enactment _creating_ the position. This was the holding of Attorney General Opinion M-296 (1968) and was reaffirmed by Attorney General Opinion M-338. Therefore, it has long been the opinion of this office that the term of a position commences on the date of the legislative enactment, absent any indication to the contrary.

The third expiration date in question arises as a result of the sunset legislation by the Sixty-seventh Legislature, effective September 1, 1981. These amendments should not change the appointment date in question, since as stated in Attorney General Opinion M-338,

> an amendment to the statutory . . . provision
> creating . . . a board . . . does not change the
> commencement date of the terms of office of the
> members of such . . . board . . . _unless such_
> _amendment clearly has as its purpose such a_
> _change_. (Emphasis added).

The legislation does not express a "clear purpose." The Bill Analysis to Committee Substitute Senate Bill No. 753, states under purpose:

> [u]nder the Texas Sunset Act (Article 5429k,
> V.T.C.S.) the Texas Board of Chiropractic
> Examiners is scheduled to be abolished unless
> _continued_ by Legislative action. C.S.S.B. 753
> would _continue_ the Board of Chiropractic Examiners
> as the policy making, examining and licensing body
> for chiropractic. (Emphasis added).

Bill Analysis to Senate Bill No. 753, prepared for Senate Committee on Government Organization, filed in Bill File to S.B. No. 753 (bill extending the life of the Texas Board of Chiropractic Examiners), Legislative Reference Library. Therefore, it is clear that the intent of the Sixth-seventh Legislature was only to "continue" the board. Since this legislation only "continued" the board and in no way "re-created" it the requirement set forth by Attorney General Opinion M-338 is not met.

## S U M M A R Y

The terms of the members of the Texas State Board of Chiropractic Examiners are to expire on April 26, as determined by the enactment date of the legislation that created the board.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton